## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

THOMAS GONZALEZ,

      Plaintiff,

v.                                                                    Case No.  4:20-cv-038-WS/MJF

JUNIOR BARRETT,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's complaint. (Doc. 1). For the reasons stated below, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Middle District of Florida based on venue considerations.[1]

### I.    Background

      Plaintiff, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDC") confined at Okeechobee Correctional Institution. Plaintiff commenced this action by filing a document titled "Kidnapping For Title/Racketeering +Embezzlement, Extortion, Slavery and Human Trafficking" and

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

named one Defendant: Junior Barrett, an attorney who practices law in Casselberry, Florida. Casselberry is in the Middle District of Florida.

Plaintiff's complaint is difficult to follow, but Plaintiff alleges that Defendant breached a contract "that created pain and suffering, torture, kidnapping, human trafficking, extortion, racketeering, and embezzlement *etc*. . . . This unthinkable crime was done in the Circuit Court house of Orange County, Florida." (Doc. 1 at 4). Plaintiff asserts that the Defendant "put [him] into [sic] the Florida Department of Correctional Institute" and alleges that there are factual disputes outstanding in his criminal cases in the Ninth Judicial Circuit Court for Counties of Orange and Osceola. (*Id.* at 1). Plaintiff identifies two criminal cases: Case No: 2010-CF-014931 and Case No. 2010-CF-14914. Defendant was Plaintiff's counsel of record in both of these criminal cases.

## II.   Discussion

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought

as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. In this case, Plaintiff asserts that the events giving rise to this case occurred in the Circuit Courthouse in Orange County, Florida. Orange County is located in the Middle District of Florida. Thus, the likely sources of proof of Defendant's alleged actions

Page 3 of 5

are located there.[2] As the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum.

## III.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1.    This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2.    The clerk of the court close this file.

---

[2] Plaintiff may be attempting to file a petition under 28 U.S.C. § 2254. In that case, venue also would be appropriate in the Middle District or Southern District of Florida. Section 2241(d) provides:

> When an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Plaintiff is currently confined at Okeechobee Correctional Institution, which is located in Okeechobee, in the Southern District of Florida. Plaintiff was convicted in Orange County, Florida, which is located in the Middle District of Florida. The Northern District of Florida is not the proper venue for this action whether it is construed as a civil rights action or a petition under 28 U.S.C. § 2254.

At Panama City, Florida this <u>24th</u> day of January, 2020.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**